LARRÍNAGA, DEMANDANTE Y APELANTE, *v.* PORTO RICO RAILWAY, LIGHT & POWER CO. ET AL., DEMANDADAS Y APELADAS.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre reivindicación con daños y perjuicios.

### No. 2120.—Resuelto en julio 15, 1920.

DESESTIMACIÓN DE APELACIÓN—TRANSCRIPCIÓN DE AUTOS—JURISDICCIÓN DEL TRIBUNAL SUPREMO.—Cuando de la transcripción no consta la fecha en que el escrito de apelación fué presentado al secretario de la corte, no puede estimarse que el Tribunal Supremo haya adquirido jurisdicción para conocer del recurso.

ID.—ORDENES INAPELABLES.—Una orden del juez declarando sin lugar la demanda por los fundamentos consignados en la opinión unida a los autos y disponiendo que el secretario registre sentencia en debida forma no es apelable.

ID.—SENTENCIA REGISTRADA—TRANSCRIPCIÓN.—No dándose las apelaciones contra la opinión que contiene los fundamentos de la sentencia sino contra la sentencia misma, procede desestimar el recurso cuando en la transcripción no se ha incluído la sentencia que debió registrar el secretario.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. W. Sweet* y *P. C. Timothee.*

Abogado de las apeladas: *Sr. J. H. Brown.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Según la transcripción de los autos que se nos ha presentado para resolver este recurso de apelación, en el libro de minutas de la corte inferior consta una resolución de la corte del día 21 de abril de 1919 por la que declaró sin lugar la demanda por los fundamentos de la opinión unida a los autos y ordenó al secretario que registrara sentencia en debida forma. La opinión mencionada tiene fecha del día siguiente y en ella, estimando la corte que la demanda enmendada no aduce hechos determinantes de la acción de daños y perjuicios que se ejercita y, además, que está prescrita, llega a la conclusión de que debe ser declarada sin lugar la demanda, sin especial condena de costas y que el secretario debe registrar sentencia de acuerdo con la opinión. En la transcripción no se encuentra la sentencia que el secretario

ha debido registrar y el escrito de apelación del demandante dirigido al secretario de la corte y a los demandados dice así:

"Señores: Le comunicamos por la presente que la parte demandante en este caso apela de la orden o sentencia final de esa corte dictada y promulgada el veinte y dos (22) de mayo de mil novecientos diez y nueve, cuya sentencia se dictó a favor de la parte demandada. * * * San Juan, mayo 12 de 1919 * * *."

Ese escrito aparece notificado el 15 de mayo de 1919, al abogado de los demandados y se halla en los autos, según certifica el secretario, pero no consta de la transcripción la fecha en que fué presentada en la secretaría de la corte.

Teniendo en cuenta que la notificación al abogado de los demandados se hizo el 15 de mayo de 1919 y que el escrito está fechado el día 12 del mismo mes y año podemos llegar a la conclusión de que contiene un error en cuanto al mes de la orden o sentencia que apela y que con ligereza se escribió mayo en lugar de abril; pero aún llegando a esta conclusión, es la opinión de la corte la que tiene fecha del 22 de abril de 1919, y la apelación no se da contra la opinión de los jueces sino contra sus resoluciones.

Además, para que tengamos jurisdicción para resolver un recurso de apelación es necesario, de acuerdo con el artículo 296 del Código de Enjuiciamiento Civil, que dentro del término concedido por la ley para establecerlo se entregue al secretario de la corte en que fué dictada o registrada la sentencia o providencia apelada, un escrito manifestando que se apela de ella y presentando igual notificación a la parte contraria o a su abogado y como no consta la fecha en que el escrito de apelación del demandante fué presentado al secretario de la corte no resulta de la transcripción afirmativamente que la apelación fué perfeccionada dentro del término legal y por tanto que hayamos adquirido jurisdicción para resolver esta apelación.

Por otra parte, aunque la apelación hubiera sido perfeccionada dentro del término fijado por la ley siempre resulta,

aún admitiendo también que no se apeló de la opinión de la corte sino de la orden de 21 de abril de 1919, que ésta resolución no es apelable, de acuerdo con el artículo 295 del Código de Enjuiciamiento Civil, y que debiendo interponerse la apelación contra la sentencia, que como consecuencia de la orden de 21 de abril de 1919 debió registrar el secretario, tal sentencia, si se registró, no ha sido incluída en la transcripción, lo que es de absoluta necesidad para que podamos resolver este recurso, según hemos declarado en el caso de *Olivari* v. *Sucesión Ramos*, 20 D. P. R. 103, y casos en él citados.

El recurso de apelación interpuesto por el demandante debe ser desestimado.

*Desestimada la apelación.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.